# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDINA RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>TACO BELL CORP.,<br><br>    Defendant. | Case No. 1:13-cv-01498-SAB<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>ECF NO. 13 |

On July 9, 2013, Defendant Taco Bell Corp. ("Defendant") filed a motion to dismiss in this action. (ECF No. 13.) All parties in this action have consented to the jurisdiction of a United States Magistrate Judge for all purposes. (ECF No. 27.)

For the reasons set forth below, the Court deny Defendant's motion to dismiss.

## I.

## BACKGROUND

Plaintiff Bernardina Rodriguez ("Plaintiff") initially filed her complaint in the Superior Court of the State of California for the County of Solano. The action was removed from state court to this Court on June 12, 2013. (ECF No. 1.) Plaintiff filed a First Amended Complaint on June 25, 2013. (ECF No. 12.)

Plaintiff's First Amended Complaint asserts a class action against Defendant for various violations of California's Labor Code and Business and Professions Code. Plaintiff contends

that Defendants failed to provide adequate meal periods, rest periods and wages.  Plaintiff's First Amended Complaint proposes the following classes and subclasses:

> **Hourly Employee Class:**  All persons employed by Defendants in hourly or non-exempt positions in California during the Relevant Time Period.
>
> **Meal Break Class:**  All hourly employees of Defendants in California who purchased a discounted food or beverage product at Taco Bell, during the Relevant Time Period.
>
> **Rest Break Class:**  All hourly employees of Defendants in California who worked a shift in excess of four (4) hours during the Relevant Time Period.
>
> **Regular Rate Class:**  All **Meal Break Class** members who, in a single pay-period, earned both (1): overtime or doubletime wages, and (2) purchased any discounted food or beverage in the same pay period during the Relevant Time Period.
>
> **Wage Statement Penalties Class:**  All **Meal Break Class, and Rest Break Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.
>
> **Waiting Time Penalties Class:**  All **Hou[rl]y Employee Class, Meal Break Class, Rest Break,** and **Regular Rate Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.
>
> **UCL Class:**  All **Meal Break Class, Rest Break Class, Hourly Class** and **Regular Rate Class** members employed by Defendants in California during the period of three years prior to the filing of this action and ending when final judgment is entered.

(First Am. Compl. ¶ 11.)  The Relevant Time Period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.  (First Am. Compl. ¶ 10.)

Plaintiff's claims largely arise from Defendant's alleged policy of requiring employees to remain on the Taco Bell premises during meal and rest breaks if the employee purchases a discounted meal or drink.  (First Am. Compl. ¶ 1.)  Plaintiff contends that because employees were prohibited from leaving the premises, employees who bought discounted meals and drinks during meal and rest breaks were deprived of a valid duty-free meal and/or rest period.  Plaintiff further alleges that, as a result of being deprived of valid meal and rest periods, employees were entitled to certain premium wages, which Defendant failed to pay.

Defendant filed its motion to dismiss on July 9, 2013.  (ECF No. 13.)  Defendant argues that the issues in this case are substantially similar to those raised in an earlier class action pending in this Court, In re Taco Bell, Case No. 1:07-cv-1314-SAB, and the overlapping claims should be dismissed.  Defendant also argues that certain claims fail to state a claim and are vague and ambiguous.

The hearing on Defendant's motion to dismiss took place on September 27, 2013.  At the hearing, Defendant argued that Plaintiff lacked standing to bring a meal break claim on behalf of the Meal Break Class because the complaint did not allege that Plaintiff had standing.  On October 11 and October 25, the parties submitted supplemental briefing on the issue of Plaintiff's standing as well as the issue of whether Plaintiff states a cognizable regular rate claim.

## II.

## LEGAL STANDARDS PERTAINING TO MOTIONS TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted."  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true.  Iqbal, 556 U.S. at 678-79.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678.

## III.

## DISCUSSION

### A.   The First-To-File Rule

Defendant argues that the Court should dismiss Plaintiff's claims under the "first-to-file" rule because the claims asserted in this action are duplicative of the claims asserted in In re Taco Bell, Case No. 1:07-cv-01314-SAB, which is also before this Court.  The first-to-file rule "may

3

be invoked 'when a complaint involving the same parties and issues has already been filed in another district.'" Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 625 (9th Cir. 1991) (Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982)). "The first-to-file rule was developed to 'serve[] the purpose of promoting efficiency well and should not be disregarded lightly.'" Id. (quoting Church of Scientology v. United States Dep't of the Army, 611 F.2d 738, 750 (9th Cir. 1979)). A court's decision to accept or decline jurisdiction based upon the first-to-file rule is reviewed for abuse of discretion. Id.

The parties do not discuss whether or not the first-to-file rule has any applicability where a complaint involving the same parties and issues has been filed in the same district or before the same judge in the same district. Other district courts have held that the first-to-file rule applies to cases filed in the same district. See Wallerstein v. Dole Fresh Vegetables, Inc., No. 13-cv-01284-YGR, 2013 WL 5271291, at *4 (N.D. Cal. Sept. 13, 2013). However, at least one district court has held that the first-to-file rule has no applicability when the two actions at issue are pending before the same judge in the same district. Henderson v. JPMorgan Chase Bank, No. CV 11-3428 PSG (PLAx), 2011 WL 4056004, at *2 (C.D. Cal. Sept. 13, 2011). "In such situations, the concerns justifying application of the rule-comity, efficiency, and uniformity—are nonexistent or greatly reduced." Id.

The Court follows the reasoning in Henderson and the cases cited therein. The concerns justifying the application of the first-to-file rule, particularly those relating to federal comity, do not apply when both cases are pending before the same judge in the same court. Accordingly, the Court denies Defendants' motion to dismiss or stay this action pursuant to the first-to-file rule.

**B.   Claim Splitting**

Defendant contends that Plaintiff's claims should be dismissed because Plaintiff has engaged in improper claim splitting. "The doctrine of claim splitting bars a party from subsequent litigation where the 'same controversy' exists." Single Chip Systems Corp. v. Intermec IP Corp., 495 F. Supp. 2d 1052, 1059 (S.D. Cal. 2007) (citing Nakash v. Superior Court, 196 Cal. App. 3d 59, 68 (1987)). "A main purpose behind the rule preventing claim

4

splitting is 'to protect the defendant from being harassed by repetitive actions based on the same claim.'" Clements v. Airport Authority of Washoe County, 69 F.3d 321, 328 (9th Cir. 1995) (quoting Restatement (Second) Judgments, § 26, comment a (1982)). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70-71 (3d Cir. 1977)). In determining whether a subsequent suit is duplicative of a prior suit, the Court "borrow[s] from the test for claim preclusion." Id. at 688-89. "[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum is the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." Id. (internal quotations and citations omitted). The Court's decision to dismiss or stay an action under the claim-splitting doctrine is discretionary. Id. at 688.

Some courts have held that the doctrine of claim splitting does not apply to class actions because class actions involve the representation of unnamed class members in abstentia. See Gooch v. Life Investors Ins. Co. of America, 672 F.3d 402, 428 n.16 (6th Cir. 2012) (noting that class action is an exception to the rule against claim splitting); Gunnells v. Healthplan Services, Inc., 348 F.3d 417, 432 (4th Cir. 2003) ("a class action, 'of course, is one of the recognized exceptions to the rule against claim-splitting.'"); Valentine v. WideOpen West Finance, LLC, 288 F.R.D. 407, 415 (N.D. Ill. 2012); Makor Issues & Rights, Ltd. v. Tellabs, Inc., 256 F.R.D. 586, 597 (N.D. Ill. 2009).

Moreover, the claim splitting doctrine does not extinguish a subsequent claim when the plaintiff is unable to present the claim in the prior action, such as where there are limitations in the subject matter jurisdiction of the court in the prior action or restrictions on their authority to entertain multiple theories or demands for multiple remedies. See Valentine, 288 F.R.D. at 415. Thus, the rule against claim splitting does not apply when a member of a class subsequently seeks to pursue a claim that was not litigated in the class action. See Gooch, 672 F.3d at 428 n.16 (noting that class members in declaratory-relief only class are not precluded from pursuing damages claims). In cases where a motion for class certification is denied, "the resulting

1 judgment will not have claim-preclusive effect for persons who were not parties to the action
2 merely because of their potential membership in a class that hypothetically could have been
3 certified in the case." 18 Lawrence B. Solum, Moore's Federal Practice § 131.40 (2013); see
4 also Smith v. Bayer Corp., 131 S. Ct. 2368, 2380-82 (2011) (denial of class certification does not
5 bind would-be class members who are not named parties).

6 Even if the claim splitting doctrine applied to class actions, the claims raised by Plaintiff
7 here are not identical to the claims that survived the class certification process in In re Taco Bell.
8 The only claims that survived the certification process in In re Taco Bell were the claims for
9 missed meal periods on behalf of the certified Meal Break Subclass.[1] The certified meal period
10 claim in In re Taco Bell is distinguishable from the meal period claim raised in this action. The
11 plaintiffs in In re Taco Bell alleged that Taco Bell implemented an illegal policy whereby
12 employees' first meal period was given after the employees' fifth hour of work. Thus, the
13 certified class consisted of persons who were entitled to a first meal break but worked more than
14 five hours before receiving it.

15 In contrast, the meal period claim raised by Plaintiff in this action concerns Plaintiff's
16 contention that the meal breaks provided by Taco Bell invalid. Plaintiff argues that Taco Bell
17 required employees who purchased discounted meals or drinks to remain on the premises.
18 Plaintiff further argues that requiring employees to remain on the premises does not constitute a
19 valid, duty-free meal break.

20 The Court recognizes that there is a possibility of overlap between the claims asserted in
21 In re Taco Bell and the claims in this case. For example, a class member who was not given
22 their first meal break within the first five hours of their shift *and* who purchased a discounted
23 meal during that first meal break and was required to stay on the premises would fall under both
24 class actions. However, at this stage the possibility of overlap is only theoretical and the Court

---

[1] The following class was certified in In re Taco Bell:
Meal Break Subclass:
All persons who work or worked as a non-exempt, hourly-paid employee at a corporate-owned
Taco Bell restaurant in California from September 7, 2003, until the resolution of this lawsuit who
worked for a period of time in excess of six hours and who worked for periods longer than five
hours without a meal period of not less than thirty minutes as reflected in Defendants' employees'
time records.

will not stay this action due to the mere possibility of overlapping class claims. If and when the issue over overlapping claims arises in a more concrete manner, Defendant can raise the issue in an appropriate manner.

The Court finds that the claims raised in this action are distinguishable from the claims that survived the certification process in In re Taco Bell. Accordingly, judgment in the In re Taco Bell action would not preclude Plaintiff from challenging the adequacy of Taco Bell's meal break policy in this action. Accordingly, the Court will not dismiss Plaintiff's claims under the claim splitting doctrine.

### C. Sufficiency of Plaintiff's "Regular Rate" Claim

Defendant contends that Plaintiff's "Regular Rate" claim must be dismissed because it fails to state a cognizable claim upon which relief may be granted. Plaintiff alleged that Defendant incorrectly calculated overtime wage rates because the overtime rate failed to take into account the meal and drink discounts provided by Defendant. In other words, Plaintiff alleges that the "true" regular wage rate earned by Taco Bell employees consists of the hourly rate paid plus the value of any meal and drink discounts received by the employee. Plaintiff contends that California law requires overtime pay to be at least one and one-half times the "true" regular wage rate and that Taco Bell did not calculate the proper rate of overtime pay because the overtime rate was only based upon the hourly rate and did not account for the value of meal and drink discounts.

The issue is whether the California Labor Code requires the calculation of overtime and regular rates to account for merchandise discounts provided by employers. The parties have not cited any legal authority that addresses whether overtime rate calculations must take into account employee discounts. The Court is unable to find any case authority from within this circuit addressing this issue.

California law and federal law are generally consistent in terms of calculating the "regular rate" of pay and determining what forms of remuneration are included and excluded from the calculation. See Advanced-Tech Sec. Services, Inc. v. Superior Court, 163 Cal. App. 4th 700, 707 (2008) (citing federal FLSA authority in interpreting parallel California Labor Code

provisions); Huntington Memorial Hosp. v. Superior Court, 131 Cal. App. 4th 893, 902-903 (2005) (adopting standards under the federal Fair Labor Standards Act in determining how to calculate regular rate of pay under California law).

Looking to federal law, the Fair Labor Standards Act expressly excludes the following forms of remuneration from the calculation of the "regular rate" of pay:

> (1)   sums paid as gifts; payments in the nature of gifts made at Christmas time or on other special occasions, as a reward for service, the amounts of which are not measured by or dependent on hours worked, production, or efficiency;

29 U.S.C. § 207(e)(1). In one case out-of-circuit case from the Western District of Pennsylvania, the court addressed the issue of employee discounts and the calculation of regular rates and overtime rates. In Rau v. Darling's Drug Store, Inc., 388 F. Supp. 877, 879 (W.D. Penn. 1975), the court found that:

> Other benefits provided by [the plaintiff's] employer, such as food and merchandise discounts, were in the nature of gifts and not based upon the number of hours worked. These were not in the nature of compensation such as would be included in the determination of the 'regular rate', nor were they premiums to be credited toward overtime compensation.

Rau's holding is consistent with the federal regulations interpreting 29 U.S.C. § 207(e)(1):

> (b)   Gift or similar payment. To qualify for exclusion under section 7(e)(1) the bonus must be actually a gift or in the nature of a gift. If it is measured by hours worked, production, or efficiency, the payment is geared to wages and hours during the bonus period and is no longer to be considered as in the nature of a gift. If the payment is so substantial that it can be assumed that employees consider it a part of the wages for which they work, the bonus cannot be considered to be in the nature of a gift. Obviously, if the bonus is paid pursuant to contract (so that the employee has a legal right to the payment and could bring suit to enforce it), it is not in the nature of a gift.

29 C.F.R. § 778.212(b).

If Defendant's discounted meal policy were available to all employees at any time without any restrictions based upon the number of hours worked, the policy may have qualified as a "gift or similar payment" and may have been exempt from exclusion in an employee's

Regular Rate pursuant to 29 U.S.C. § 207(e)(1). However, Plaintiff's complaint does not allege facts that demonstrate that the discounted meal policy falls within the Section 207(e)(1) exception.

The potential inapplicability of Section 207(e)(1) is highlighted by the extrinsic evidence submitted by Defendant.[2] Defendant attempted to introduce evidence that Taco Bell's meal discount policy states that discounted meals are only provided before, during or after an employee's shift. Furthermore, an employee is not eligible for a meal discount unless their shift is at least two hours long. Accordingly, Defendant's evidence demonstrates that Taco Bell's meal break policy is potentially distinguishable from the merchandise discounts considered in Rau and potentially does not qualify under the "gift or similar payment" exception under 29 U.S.C. § 207(e)(1) because the discount is "measured by or dependent on hours worked, production, or efficiency." Given the possibility that Defendant's discounted meal policy does not qualify as an exception under Section 207(e)(1), it would be inappropriate to dismiss Plaintiff's Regular Rate claim at this stage in the litigation.

Defendant also argues that Plaintiff miscalculates the value of the discounted meal for purposes of calculating the Regular Rate because the value should be calculated as the difference between the cost of the meal to the employer and the discounted price paid by the employee. Plaintiff contends that the value should be calculated as the difference between the non-discounted price of the meal and the discounted price paid by the employee. The Court need not address this issue, which would require the consideration of extrinsic evidence. This issue is more appropriately raised on a motion for summary judgment or at trial.

Finally, Defendant argues that the value of a discounted meal cannot be included in an employee's Regular Rate of pay because it would impermissibly incentivize patronage in violation of California Labor Code Section 450. However, the Court is unaware of any canon of statutory interpretation that compels the Court to interpret statutes in a manner such that Defendant's policies are legal.

---

[2] Normally, the Court may not consider extrinsic evidence when ruling on a motion to dismiss. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). However, the Court discusses the extrinsic evidence presented by Defendant only to demonstrate why it would be premature to dismiss Plaintiff's claims at this stage.

At this stage, the Court cannot conclude that Plaintiff's allegations fail to state a cognizable claim. Plaintiff alleged that the food discounts offered by Defendant should have factored into his regular rate of pay and the Court must accept those allegations as true. Accordingly, the Court will deny Defendant's motion to dismiss Plaintiff's "Regular Rate" claims.

### D. Sufficiency of Plaintiff's Labor Code § 204 Claim

Defendant argues that Plaintiff fails to state a cognizable claim under California Labor Code section 204 because it is derivative of her other claims for the failure to pay wages or penalties. Section 204 governs the timely payment of wages and provides, in pertinent part:

> (a) All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month shall be paid for between the 1st and 10th day of the following month.....

Plaintiff alleges violations of Section 204 in her first and second causes of action (failure to provide meal periods and failure to provide rest periods). Plaintiff alleges that, as a result of the failure to provide meal periods and failure to provide rest periods, Defendant is required to pay a premium wage equal to one additional hour of pay at the employee's regular rate of compensation, as required under Labor Code section 226.7(b). Plaintiff further alleges that Defendant never paid its employees this premium wage and, therefore, Defendant violated Section 204 by failing to timely pay all wages.

The crux of Defendant's argument is that Plaintiff's section 204 claim is "derivative" of her claims for failing to provide meal and rest periods. Defendant contends that Section 204 only governs the timing of wages and not deficiencies in wages paid. In other words, Defendant contends that Section 204 is violated only when an employer does not maintain semimonthly pay periods as required under Section 204. Defendant argues that Section 204 is not violated if an employer pays its employees on a semimonthly basis but fails to pay employees the correct

amount for all hours worked, overtime, premium wages, etc.

However, no authority has been provided stating that Section 204 should be interpreted in this manner. Moreover, the plain text of the statute is inconsistent with Defendant's contention that Section 204 is satisfied if an employer pays its employees some, but not all, of the wages owed on a semimonthly basis. Section 204 plainly requires "*[a]ll* wages" to be paid on a semimonthly basis. Moreover, Section 204 expressly provides for certain specific types of wages that do not need to be paid on a semimonthly basis. If the legislature intended that premium wages accrued as a result of missed meal and rest periods fall outside the scope of Section 204, it would have included such wages in the list of exclusions. Further, the California Supreme Court has expressly held that the additional hour of pay under Section 226.7 constitutes "wages" within the meaning of Labor Code section 200(a) and the definition of wages under Section 200(a) applies to Section 204, as both sections are found within the same article under the Labor Code. Murphy v. Kenneth Cole Productions, Inc., 40 Cal.4th 1094, 1102, 1114 (2007). The California Supreme Court also held that such premium wages under Section 226.7 vest immediately upon being forced to miss a rest or meal period. Id. at 1107 ("In that way, a payment owed pursuant to section 226.7 is akin to an employee's immediate entitlement to payment of wages or for overtime.").

In light of the California Supreme Court's characterization of Section 226.7 premium wages, the Court finds that Plaintiff states a cognizable claim under Labor Code section 204. An employee is entitled to the additional hour of pay under Section 226.7 immediately upon being forced to miss a rest or meal period. Section 204 requires such wages to be paid on a semimonthly basis. Since Plaintiff alleges that Defendant failed to timely pay such wages, Plaintiff has alleged a cognizable claim under Section 204.

### E. Compliance With Rule 8

Defendant argues that Plaintiff's complaint should be dismissed because it does not meet the pleading standard required under Federal Rule of Civil Procedure 8. Defendant contends that Plaintiff merely asserts legal conclusions and does not allege even rudimentary facts such as the dates of her employment, her position, the location where she worked, and what acts or

omissions support her legal conclusions.  However, Defendant does not demonstrate how these "rudimentary facts" are legally relevant.  Defendant does not contend that the dates of employment, position, location, or other acts affect the cognizability of her claims or impair Defendant's ability to defend against Plaintiff's claims.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleading is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1956)).  The Court finds that Plaintiff's allegations are sufficient to support plausible claims.  Plaintiff alleged that she worked for Defendant as an hourly employee during the relevant time period, which is defined as the period beginning for years prior to the filing of this action until the date judgment is entered. Plaintiff further alleges that Defendant had a policy requiring employees to remain on the premises during meal and rest periods when the employee purchases a discounted meal or drink.  As a result of this policy, Defendants did not provide employees with valid meal and rest periods, which in turn resulted in further wage and wage statement violations.  The Court finds that these allegations are sufficient to put Defendant on notice of Plaintiff's claims.

### F.     Plaintiff's Standing and Typicality

At the hearing on Defendant's motion to dismiss and in supplemental briefing provided after the hearing, Defendant raised the issue of Plaintiff's standing to bring her Meal Break and Regular Rate claims on behalf of the proposed classes.  Defendant also raised the issue of typicality for the first time in the supplemental brief filed after the hearing.  The Court generally refuses to consider new arguments raised for the first time in a reply brief.  See, e.g., State of Nev. v. Watkins, 914 F.2d 1545, 1560 (9th Cir. 1990).  Accordingly, Defendant's arguments raised for the first time *after* the reply briefing period are untimely.  Moreover, having reviewed Plaintiff's pleadings, the Court is satisfied that Plaintiff's complaint sufficiently alleges that Plaintiff has standing and suffered injury typical of the other class members.  Plaintiff alleged that she was "denied uninterrupted, duty-free meal periods" and that Defendants failed to pay Plaintiff and other Meal Break Class members the appropriate wages for overtime hours worked.

(First Am. Compl. ¶¶ 29, 58, 85.)  These allegations are sufficient to demonstrate that Plaintiff suffered injuries typical to those of other class members.

## IV.
## CONCLUSION AND ORDER

Based upon the foregoing, it is HEREBY ORDERED that:

1. Defendant's motion to dismiss is DENIED; and
2. Defendant shall file a responsive pleading within fourteen (14) days of the date of service of this order.

IT IS SO ORDERED.

Dated:  **October 30, 2013**

UNITED STATES MAGISTRATE JUDGE