# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDINA RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>TACO BELL CORP.,<br><br>    Defendant. | Case No.  1:13-cv-01498-SAB<br><br>ORDER RE MOTIONS FOR SUMMARY JUDGMENT<br><br>ECF NO. 59, 60 |

On August 27, 2014, Plaintiff Bernardina Rodriguez ("Plaintiff") and Defendant Taco Bell Corp. ("Defendant") filed cross motions for summary judgment. (ECF Nos. 59, 60.) Both Plaintiff and Defendant have consented to the jurisdiction of a United States Magistrate Judge for all purposes. (ECF No. 27.)

The hearing on the motions took place on October 22, 2014. Chaim Shaun Setareh and Tuvia Korobkin appeared on behalf of Plaintiff. Tracey Kennedy and John Makarewich appeared on behalf of Defendant. For the reasons set forth below, the Court denies Plaintiff's motion for summary judgment and grants Defendant's motion for summary judgment.

/ / /

/ / /

/ / /

/ / /

1

# I.

# BACKGROUND

## A. Procedural Background

This action was removed from the Superior Court of California for the County of Solano on June 12, 2013.  (ECF No. 1.)  The operative complaint is the First Amended Complaint filed on June 25, 2013.  (ECF No. 12.)

The First Amended Complaint raises causes of action under California law for failure to provide meal breaks, failure to provide rest breaks, failure to pay hourly wages, failure to provide accurate written wage statements, failure to timely pay final wages, unfair competition, and for civil penalties under California's Private Attorney's General Act.  Plaintiff brings these claims on behalf of herself as well as on behalf of a class.

Plaintiff's claims arise from Defendant's discounted meal policy.  Plaintiff alleges that Defendant's discounted meal policy states that employees who purchase a discounted meal must stay on premises.  Plaintiff further contends that California law requires employers to relinquish all control over employees during meal breaks and rest breaks.  Plaintiff argues that employees who purchase a discounted meal during meal breaks and rest breaks are thus deprived of proper meal breaks and rest breaks because they are required by Defendant to stay on premises.  As a result, Defendant failed to pay employees wages owed during those defective meal breaks and rest breaks.  Moreover, the inclusion of these wages and hours worked caused some employees to accrue overtime which was unpaid.  Further, overtime wages for employees who purchased discounted meals was miscalculated because it failed to take into account the value of these discounted meals in determining overtime rates of pay.  Additionally, the wage statements provided by Defendant to its employees were inaccurate as a result of the above and employees who ceased working for Defendant were not paid final wages owed on a timely basis as a result of the above.

Defendant now seeks summary judgment as to Plaintiff's claim that Defendant failed to provide proper meal breaks and as to Plaintiff's claim that Defendant failed to pay hourly wages.  Defendant contends that their policy requiring discounted meal items to be consumed on

1 premises does not render a meal break or rest break to be defective.

2      Plaintiff seeks summary judgment as to the issue of whether Defendant miscalculated overtime rates of pay by failing to account for the value of discounted meals in determining employees' "regular rate" of pay.  Plaintiff also seeks summary judgment as to the issue of whether Defendant's policy of requiring discounted meals to be consumed on premises renders a meal break and rest break defective.  Finally, Plaintiff seeks summary judgment with respect to her claims based upon inaccurate wage statements and waiting time penalties.

### B. Undisputed Facts

Plaintiff worked for Defendant Taco Bell Corp. from approximately August 2005 to December 2012.  (Def.'s Resp. to Pl. Bernardina Rodriguez's Sep. Statement of Uncontroverted Facts ("Def.'s Resp. to Pl.'s SSUF") ¶ 1.)  Throughout her employment, Plaintiff worked at the Suisun City, California location.  (Def.'s Resp. to Pl.'s SSUF ¶ 2.)  Plaintiff's job title was "Team Member."  (Def.'s Resp. to Pl.'s SSUF ¶ 3.)  Plaintiff's job duties included making steam, preparing food, cooking food, cooking, making tacos, and cleaning.  (Def.'s Resp. to Pl.'s SSUF ¶ 4.)  At the beginning of her employment, Plaintiff was provided with an employee handbook titled "Restaurant Orientation Handbook" (hereinafter referred to as "the Handbook").  (Def.'s Resp. to Pl.'s SSUF ¶ 5.)

Regarding discounted meals, the Handbook states:

> When you work a shift of two (2) or more hours, you may eat one (1) discounted meal.  Follow these rules:
> You can receive a discounted meal immediately before, during or after your shift.
> You must eat your discounted meal in the restaurant.
> You must go to the front counter and place your order as a Guest.
> You and your manager must sign the register receipt and place the signed receipt in the cash register drawer.

(Def.'s Resp. to Pl.'s SSUF ¶ 6.)  In 2012, the meal policy was changed, in that discounted meals must only be eaten in the restaurant if it was after dark.  (Def.'s Resp. to Pl.'s SSUF ¶ 9.)  The discount for meals was generally 50% off.  (Def.'s Resp. to Pl.'s SSUF ¶ 14.)  The purpose of the discounted meal program's requirement that employees eat their food on the premises is to avoid theft and abuse, such as employees buying discounted food and sharing it with friends or

family.  (Pl.'s Resp. to Def.'s SSUF ¶ 5.)

Regarding free beverages, the Handbook states:

> Rules for beverages
> Beverages are free to all restaurant employees during their work shift.  You must drink beverages away from workstation areas.  Pre-packaged drinks such as milk, orange juice and bottled water should be rung up because they are inventoried items.

(Def.'s Resp. to Pl.'s SSUF ¶ 7.)

Taco Bell allows employees who are scheduled to work a shift of two or more hours to purchase discounted menu items before, during, or after their shift, including during meal or rest breaks.  (Def.'s Resp. to Pl.'s SSUF ¶ 10; Pl.'s Resp. to Def.'s Sep. Statement of Undisputed Facts in Supp. of Mot. for Part. Summ. J. ("Pl.'s Resp. to Def.'s SSUF") ¶ 1.)  The policy does not permit employees to purchase discounted meals on their day off.  (Def.'s Resp. Pl.'s SSUF ¶ 11.)  However, Plaintiff has observed her manager permitting some employees to purchase discounted food on their day off.  (Def.'s Resp. to Pl.'s SSUF ¶ 11.)  The policy only permits employees to purchase one meal per day.  (Def.'s Resp. to Pl.'s SSUF ¶ 12.)

All discounted food purchases are voluntary.  (Pl.'s Resp. to Def.'s SSUF ¶ 2.)  Employees are not required to purchase Taco Bell products.  (Pl.'s Resp. to Def.'s SSUF ¶ 3.)

## II.

## LEGAL STANDARDS FOR MOTIONS FOR SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56, "[a] party may move for summary judgment ... if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case..." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id.

/ / /

# III.

# DISCUSSION

Plaintiff seeks summary judgment with respect to three claims: A) her "regular rate" claim, B) her claim for improper meal periods, and C) her claims for inaccurate wage statements and waiting time penalties. Defendant seeks summary judgment with respect to Plaintiff's improper meal period claim.

### A.   Calculation of Overtime Pay and the Regular Rate

Plaintiff seeks summary judgment with respect to her "regular rate" claim. Plaintiff contends that Defendant systematically miscalculates the proper rate for overtime work because the overtime rate does not factor in the fact that employees receive additional remuneration in the form of discounted meals during certain shifts. Plaintiff argues that the value of the employee discount must be factored into the "regular rate" by adding the value of the discount to the compensation paid and dividing the sum by the total hours worked to establish the "regular rate" for a given pay period.

As an initial matter, the Court notes that the evidence submitted by Plaintiff in support of its motion for summary judgment is sparse. Plaintiff submitted a declaration vaguely indicating that she purchased discounted meals on most weeks and worked overtime during some pay periods, but there is no evidence pinpointing a specific pay period or shift where Plaintiff purchased a discounted meal and worked overtime. Nor is there any evidence of how much she purchased with her meal discount or how much was discounted. Even more critically, there is no evidence of how much Plaintiff got paid during any given pay period, how much she normally earned per hour during any given pay period, or how much she earned in overtime during any given pay period.

#### 1.   Plaintiff Fails to Demonstrate That Defendant's Record-Keeping Was Inadequate

Plaintiff argues that it is Defendant's burden to establish certain facts supporting Plaintiff's claims. In wage and hour claims, courts recognize that where the employer has a statutory obligation to maintain wage records and those records are inadequate, employees should not be penalized in litigation. In Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680,

686-88 (1946), the United States Supreme Court stated, in the context of claims brought under the Fair Labor Standards Act:

> An employee who brings suit under s 16(b) of the Act for unpaid minimum wages or unpaid overtime compensation, together with liquidated damages, has the burden of proving that he performed work for which he was not properly compensated. The remedial nature of this statute and the great public policy which it embodies, however, militate against making that burden an impossible hurdle for the employee. Due regard must be given to the fact that it is the employer who has the duty under s 11(c) of the Act to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves; even if they do, the records may be and frequently are untrustworthy. It is in this setting that a proper and fair standard must be erected for the employee to meet in carrying out his burden of proof.
>
> When the employer has kept proper and accurate records the employee may easily discharge his burden by securing the production of those records. But where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes a more difficult problem arises. The solution, however, is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act. In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

See also Hernandez v. Mendoza, 199 Cal. App. 3d 721, 727 (1988) ("...in cases ... where the employer has failed to keep records required by statute, the consequences for such failure should fall on the employer, not the employee. In such a situation, imprecise evidence by the employee can provide a sufficient basis for damages.").

However, Plaintiff has not demonstrated that Defendant failed to maintain statutorily required records. At the hearing, the parties disputed whether Defendant's records were

1  inadequate.  The evidence submitted by Plaintiff in support of her motion does not establish that
2  Defendant's records were inadequate.  The excerpts of the deposition of Todd Allen Bisbocci
3  cited by Plaintiff only state that Defendant "may or may not have the documentation" and
4  Defendant "may or may not" be able to decipher the signatures from the employees relating to
5  discounted meals.  (Decl. of Shaun Setareh in Sup. of Pl.'s Mot. for Summ. Adj., Ex. D, at pg.
6  24:22-25.)  Mr. Bisbocci's deposition testimony suggests that the records exist, but Mr. Bisbocci
7  is not personally familiar with them enough to speak to Plaintiff's specific discounted meal
8  habits.  Mr. Bisbocci also acknowledged the possibility that the records may be incomplete for a
9  variety of hypothetical reasons.  However, there is no definitive proof that Defendant's records
10 concerning Plaintiff's discounted meal purchases are, in fact, incomplete or inadequate.

11        Here, Plaintiff has not met his burden of demonstrating that Defendant's records were
12 inaccurate or inadequate.  Accordingly, Plaintiff has not demonstrated that the burden should
13 shift to Defendant to come forward with evidence regarding Plaintiff's claims or rebutting the
14 inferences to be drawn from Plaintiff's evidence.

15           2.      Plaintiff Fails to Establish Facts Sufficient to Support Liability

16        In order to prevail on a motion for summary judgment, Plaintiff must demonstrate that
17 there is no genuine dispute of material fact that in some particular pay period she worked
18 overtime, purchased discounted meals, and Defendant did not factor the value of the discount in
19 calculating the regular rate.  As noted above, Plaintiff has offered no evidence of how much she
20 was paid, her hourly rate, or how much she should have been paid.  This in itself is fatal to
21 Plaintiff's request for summary judgment.

22        Plaintiff submits no evidence as to how Plaintiff's employee discount should be valued
23 for purposes of calculating the regular rate.  Plaintiff assumes, with no citation to any legal
24 authority and no citation to any admissible evidence, that the "value" of her employee discount
25 for regular rate purposes is the amount of the discount.  In other words, if she received 50% off a
26 $3 meal, Plaintiff contends that her discount should be valued at $1.50 for purposes of
27 calculating the regular rate.
28 / / /

Defendant cites authority that suggests that this is not the case. Defendant argues that the amount of the discount is not the correct standard for valuing non-cash remuneration. Defendant cites 29 C.F.R. § 778.116 for support:

> Where payments are made to employees in the form of goods or facilities which are regarded as part of wages, the reasonable cost to the employer or the fair value of such goods or of furnishing such facilities must be included in the regular rate. (See part 531 of this chapter for a discussion as to the inclusion of goods and facilities in wages and the method of determining reasonable cost.) Where, for example, an employer furnishes lodging to his employees in addition to cash wages the reasonable cost or the fair value of the lodging (per week) must be added to the cash wages before the regular rate is determined.

Plaintiff has not submitted any evidence regarding the "reasonable cost" or the "fair value" of the employee discount offered by Defendant. For that reason alone, Plaintiff is not entitled to summary judgment on her regular rate claim.

Plaintiff argues that her failure to establish "reasonable cost" or "fair value" would not preclude summary judgment as to liability. The Court disagrees. Hypothetically speaking, if the "reasonable cost" or "fair value" of the employee discount is zero, Plaintiff's regular rate was calculated correctly and Plaintiff suffered no underpayment in overtime under her regular rate theory. This could be the case if Defendant's cost to produce discounted food products is equal to or less than 50% of the retail price, meaning Defendant breaks even or makes a smaller profit when selling food items with the employee discount. Therefore, to establish liability, Plaintiff must submit evidence that the net cost to Defendant is greater than zero.[1]

Since Plaintiff has not met her burden on her motion for summary judgment, the Court need not address the other arguments raised by the parties. The Court will deny Plaintiff's motion for summary judgment with respect to her regular rate claim.

///

---

[1] In her reply, Plaintiff argues that the regulation is unclear whether "reasonable cost" or "fair value" should apply when determining the value of the employee discount. Since Plaintiff has not submitted evidence of either cost, the Court need not address this argument at this time. However, the language of the regulation suggests that either methodology is acceptable, as the suggested by the example provided in the regulations. See 29 C.F.R. § 778.116 ("Where, for example, an employer furnishes lodging to his employees in addition to cash wages the reasonable cost or the fair value of the lodging (per week) must be added to the cash wages before the regular rate is determined.")

**B.   Taco Bell's Meal Break and Rest Break Policy**

Both Plaintiff and Defendant seek summary judgment with respect to Plaintiff's meal break claim. Plaintiff contends that employees were denied proper meal breaks when they purchased discounted meals because they were required to stay on premises while eating the discounted meal. Plaintiff argues that, because Defendant required employees to stay on premises to eat discounted meals, Defendant failed to relinquish all control over its employees. Defendant argues that since purchasing a discounted meal is voluntary, an employee's voluntary decision to partake in a discounted meal does not render a meal break noncompliant with California law requirements.

Under California law, "[a]n employer shall not require an employee to work during a meal or rest or recovery period...." Cal. Labor Code § 226.7(b). "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law ... the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or recovery period is not provided." Cal. Labor Code § 226.7(c). An employee who works for a period of more than five hours a day is entitled to a meal period of 30 minutes. Cal. Labor Code § 512.

With respect to meal breaks, Wage Order No. 5 states:

> Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.

Cal. Code of Regulations § 11050. Consistent with the California Labor Code, Wage Order No. 5 also states that an employer must pay employees one hour of pay at the employee's regular rate for each workday that a meal period is not provided.

In Brinker Restaurant Corp. v. Superior Court, 53 Cal. 4th 1004 (2012), the Supreme Court of California addressed the scope of an employer's duty to provide meal breaks to employees. In Brinker, the court rejected the argument that employers have a duty to ensure that employees do no work during meal periods. Id. at 1038. An employer's duty to provide a meal

1  break is satisfied "if it relieves its employees of all duty, relinquishes control over their activities
2  and permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does
3  not impede or discourage them from doing so." Id. at 1040. Brinker also states that, in relieving
4  employees of all duties, employers must allow employees to freely leave the premises during
5  meal breaks. Brinker Restaurant Corp., 53 Cal. 4th at 1036.

6  Plaintiff argues that her meal breaks were defective because she was not free to leave to
7  premises if she purchased a discounted meal. Although not in the context of a Section 226.7
8  claim, in Madera Police Officers Assn. v. City of Madera, 36 Cal.3d 403 (1984), the Supreme
9  Court of California addressed the issue of when a meal break should be counted as hours worked
10 by reason of substantial restrictions imposed by the employer during the meal break. The court
11 adopted a two-step analysis: First, the court analyzed whether the restrictions on off-duty time
12 are primarily directed toward the fulfillment of the employer's requirements and policies. Id. at
13 49. Second, the court analyzed whether the employee's off-duty time is so substantially
14 restricted that they are unable to engage in private pursuits. Id.

15 Even if it were assumed that Defendant's restrictions on off-duty time were primarily to
16 Defendant's benefit, the restrictions imposed here are not so substantially that they interfere with
17 employees' ability to engage in private pursuits. Here, the requirement to remain on premises is
18 only triggered if the employee voluntarily chooses to purchase a discounted meal. Thus, the
19 conditional requirement did not prevent employees from using their time effectively for their
20 own purposes. See Morillion v. Royal Packing Co., 22 Cal. 4th 575, 583 (2000).

21 Plaintiff also argues that Defendant's discounted meal policy created invalid, on-duty
22 meal breaks because by discounting meals, Defendant created an incentive for Plaintiff to
23 "forfeit" her meal break, purchase a discounted meal and remain on premises during her meal
24 break. While Brinker states that employers may not "impede or discourage" employees from
25 taking meal breaks, the meal discount policy does not rise to the level of impermissible activity
26 recognized by courts in the past. In Cicairos v. Summit Logistics, Inc., 133 Cal. App. 4th 949
27 (2005), the California Court of Appeal reversed summary judgment in favor of the defendant on
28 the issue of whether meal breaks were provided, finding that there was evidence that defendant

failed to provide meal breaks because it pressured employees to skip meal breaks. The court noted that the employee truck drivers had to manually report their activities in a computerized system, which did not schedule meal breaks or include an "activity code" to report meal breaks. Id. at 962. The evidence also suggested that Defendant pressured drivers to forego meal breaks to make more trips. Id.

In Jaimez v. DAIOHS USA, Inc., 181 Cal. App. 4th 1286, 1304-1305 (2010), the court certified a class based upon the common contention that rest breaks were not provided because the amount of work given by the employer to the employee made it difficult to complete on time without skipping rest breaks. In Dilts v. Penske Logistics, LLC, 267 F.R.D. 625, 638 (S.D. Cal. 2010), the Court certified a class upon the common contention that meal breaks were denied because the employer enforced an informal anti-meal-break policy through ridicule and reprimand.

None of these examples are comparable to the allegations in this case. This is not a case where employees were encouraged or compelled to skip their meal breaks entirely. There is no allegation that Plaintiff worked through her meal break. Plaintiff simply was required to stay on premises while eating a discounted meal. Pressuring an employee to skip a meal break entirely and work during a meal break is substantially different from providing an employee with a de minimis incentive to spend their meal break on premises, which provides only a de minimis benefit to the employer compared to an employee working through their break. Plaintiff cites no authority, and the Court is unable to find any through its independent research, which suggests that the latter conduct violates the California Labor Code.

At the hearing, Plaintiff argued that any employer-created incentive to remain on premises during breaks constitutes a missed meal break under the California Labor Code. The Court is unaware of any court opinion that would have such sweeping implications. Under Plaintiff's theory, an employer who furnishes an employee break room with a television, couch, kitchen, or other amenity would be liable under the California Labor Code for creating an attractive "incentive" for employees to remain on premises during their breaks.

/ / /

Given that there is no material dispute regarding the facts related to this claim and issue, the Court finds that, as a matter of law, Defendant is entitled to summary judgment on Plaintiff's claim that Defendant's discounted meal policy deprived Plaintiff of compliant meal breaks. Defendant's policy gave its employees the choice as to whether to stay on premises or to leave the premises. Plaintiff's off-duty time was not so substantially restricted that she was unable to engage in private pursuits. Plaintiff was not subjected to substantial pressure and was not asked to work through her break. The Court finds that a 50% employee discount on food products conditioned upon the employee staying on premises does not transform a compliant meal or rest break into one that does not comply with the California Labor Code. Defendant is entitled to summary judgment with respect to the claim for failure to provide meal periods and as well as all claims derivative of that claim.

### C. Plaintiff's Claims for Inaccurate Wage Statements and Waiting Time Penalties

Plaintiff seeks summary judgment with respect to her claims for inaccurate wage statements and for waiting time penalties. These claims are derivative of her regular rate claim and her meal break claim, as Plaintiff contends that her wage statements were inaccurate because they failed to reflect wages and time worked due to the inaccurate regular rate and the improper meal breaks. Similarly, Plaintiff contends that since she was not paid wages owed at separation related to the regular rate and meal break issues, she is owed waiting time penalties. As set forth above, Plaintiff is not entitled to summary judgment with respect to her regular rate claim or her meal break claim. Consequently, Plaintiff is not entitled to summary judgment with respect to her derivative claims for inaccurate wage statements and waiting time penalties.

## IV.

## CONCLUSION AND ORDER

For the foregoing reasons, the Court finds that Plaintiff is not entitled to summary judgment with respect to her regular rate claim, her inaccurate wage statements claim, or her waiting time penalties claim. The Court further finds that Defendant is entitled to summary judgment with respect to Plaintiff's meal break claim.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is DENIED;

2. Defendant's motion for summary judgment is GRANTED; and

3. Summary judgment is entered in favor of Defendant and against Plaintiff with respect to Plaintiff's claims based upon missed meal breaks caused by Defendant's discounted meal policy.

IT IS SO ORDERED.

Dated:   **October 23, 2014**

UNITED STATES MAGISTRATE JUDGE